UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SAROS,

        Petitioner,

vs.                                        HON. GEORGE CARAM STEEH
                                              Case. No. 10-CR-20768

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DISMISSING § 2255 PETITION (#21), AND DENYING CERTIFICATE OF APPEALABILITY

        Petitioner Michael Saros filed a 28 U.S.C. § 2255 motion on December 23, 2013, seeking relief from his July 27, 2011 sentence of 80 months imprisonment following his plea-based conviction for possession and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (a)(5). Petitioner claims that the court did not have subject matter jurisdiction over his case because the court did not establish subject matter jurisdiction "on the record."

        As an initial matter, the court must determine if the § 2255 petition for relief from judgment was timely filed. A defendant has one year from the entry of a judgment of conviction to file a motion under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one year period of limitation begins to run on the date "on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal is actually filed. In most cases, that period is fourteen days. Fed. R. App. P. 4(b)(1); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).

        In this case, petitioner did not file a notice of appeal, so the one year statute of

limitations began to run on August 10, 2011, fourteen days after entry of judgment. Petitioner filed his motion on December 23, 2013, more than two years after his judgment of conviction became final. Petitioner's § 2255 petition is untimely and barred by statute.

Even if the petition was not time barred, it would still fail because this court had subject matter jurisdiction over the case. By statute, "district courts of the United States have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. This section was in force before, during and after Mr. Saros' case, as were the underlying criminal statutes, 18 U.S.C. §§ 2252A(a)(2) and (a)(5). This court had subject matter jurisdiction over petitioner's criminal case.

For the reasons set forth above, Michael Saros' petition for relief under § 2255 is hereby DENIED, and his petition is hereby DISMISSED. Before petitioner may appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Petitioner has made no such showing. Accordingly, a certificate of appealability is also hereby DENIED.

SO ORDERED.

Dated: March 7, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 7, 2014, by electronic and/or ordinary mail and also on Michael Saros #45039-039, FCI Englewood, Federal Correctional Institution, 9595 West Quincy Avenue, Littleton, CO 80123.

s/Barbara Radke
Deputy Clerk